**Fladmer SULAIMAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–4005.

United States Court of Appeals, Sixth Circuit.

June 22, 2004.

Namir M. Daman, Daman & Daman, Oak Park, MI, for Petitioner.

Terri J. Scadron, Leslie McKay, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BOGGS, Chief Judge; MOORE, Circuit Judge; and HOLSCHUH, District Judge.*

### ORDER

Fladmer Sulaiman, a citizen of Iraq currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his order of removal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sulaiman entered the United States with his family as a refugee in 1993 and was granted lawful permanent resident status in 1995. Two years later, he was convicted in Michigan of domestic violence,

a misdemeanor, against his mother. As a result, the Immigration and Naturalization Service ("INS") sought his removal from this country. The Immigration Court ("IC") scheduled a removal hearing, at which Sulaiman's counsel appeared but Sulaiman did not. The Immigration Judge ("IJ") conducted the hearing *in absentia,* found that the INS established grounds for Sulaiman's removal, and ordered him removed to Iraq. The IJ denied Sulaiman's motion to reopen the *in absentia* order because he did not show exceptional circumstances for his absence. Sulaiman appealed the decision to the BIA, which affirmed the IJ's decision for the same reasons. This timely petition for review followed.

The BIA did not abuse its discretion. *Scorteanu v. INS,* 339 F.3d 407, 411 (6th Cir.2003). As relevant here, a deportation order issued *in absentia* may be rescinded only by the alien's demonstration that his failure to appear was attributable to "exceptional circumstances" beyond his control. 8 U.S.C. § 1229a(b)(5)(C) & (e)(1). Sulaiman's claim that he became lost on his way to the IC does not satisfy this requirement. Further, his claim of ineffective assistance of counsel also lacks merit because counsel's failure to have possession of his cellular telephone during the hearing does not establish that counsel's representation "resulted in prejudice or [the] denial of fundamental fairness." *Scorteanu,* 339 F.3d at 413 (citation omitted).

Because the BIA's denial of the motion to reopen was not an abuse of discretion, the petition for review is denied.

---

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.